IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 13 |
|  | : |  |
| Michael Tracy Patterson | : |  |
|  | : | No. 19-11685-amc |
| Debtor | : |  |

**EXPEDITED MOTION OF JENSEN BAGNATO, P.C.
TO AMEND COURT'S ORDER APPROVING
COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED
PURSUANT TO BR 9024 AND R. 60 (b)(1)**

**Jensen Bagnato, P.C.**, by and through **ERIK B. JENSEN, ESQUIRE**, hereby files the instant expedited motion to Amend this Honorable Court's Order dated March 23, 2023 approving Compensation and Reimbursement of Expenses, under BR 9024 which incorporates R. 60 (b)(1) for mistake, inadvertence, etc., and in support thereof respectfully states the following:

1. The Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (as amended, the "Bankruptcy Code") on March 29, 2019 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"). [Docket No. 1]

2. As of the Petition Date, the Debtor was represented by Michael Kutzer (now deceased).

3. On or about September 23, 2019, the Debtor retained Jensen Bagnato, P.C. (Jensen Bagnato) as replacement for Mr. Kutzer. [Docket No. 30]

4. Jensen Bagnato undertook the responsibilities of Debtor's counsel including objecting to proofs of claim, filing amended chapter 13 plans, and negotiating with the Debtor's creditors with the ultimate goal of confirming a chapter 13 plan. Jensen Bagnato performed considerable work for the Debtor over the next twenty-four months of representation which Case 19-11685-amc which the Court has already determined at the hearing held on March 8, 2023 benefitted the Debtor and was

not opposed by the Bankruptcy Trustee. See a true and correct copy of the case docket attached hereto as Exhibit "1."

5. On December 10, 2021, Jensen Bagnato filed an Application for Compensation and Reimbursement of Expenses (the "Fee Application") for services rendered representing the Debtor in this chapter 13 case. [Docket No. 126] It should be noted that when filed, the debtor's case was still active and subject to confirmation.

6. After numerous delays, this Honorable Court entered an Order Approving Compensation and Reimbursement of Expenses dated March 23, 2023 in the amount of $12,145.00, less $2,400.00 already paid and less a discount of $2,500 leaving a final balance of $7,245.00.  A true and correct copy of the said Order is attached and incorporated by reference as if set forth in full and marked as Exhibit "2" [Docket No. 186]

7.   The proposed Order as approved by this Honorable Court contained a mistake, specifically, stating that  the Order referenced a confirmed plan and the plan wasn't confirmed.  The appropriate remedy would be to submit an amended order removing the language, "to the extent provided in the confirmed plan."

7. This Court had original jurisdiction to approve Jensen Bagnato's Fee Application pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and while the time for reconsideration under BR 9023 (Amendment of Judgments) has passed, Movant still has a year to file under BR 9024 (Relief from Judgment or Order) for reasons stated in R 60(b)(1).

8.  Rule 60 Relief from Judgment or Order states:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.  During the pendency of an appeal, such mistakes may be so corrected before the appeal is

docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

      (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

      (6) any other reason justifying relief from the operation of the judgment.

9. It is in the best interest of justice to allow the Order to be amended consisted with the Court's specific intention approving compensation and reimbursement of expenses in the amount of $12,145.00, less $2,400.00 already paid and less a discount of $2,500.00, leaving a final balance of $7,245.00. See Exhibit "3" for Amended Proposed Order.

**WHEREFORE**, Jensen Bagnato, P.C. respectfully requests this Honorable Court list the instant matter for an expedited hearing to amend this Honorable Court's Order dated March 23, 2023

approving Compensation and Reimbursement of Expenses pursuant to BR 9024 and R. 60 (b)(1).

          Respectfully submitted,

          **JENSEN BAGNATO, P.C.**

By: */s/ Erik B. Jensen*
      Erik B. Jensen, Esquire (PA 40330)
      1500 Walnut Street, Suite 1510
      Philadelphia, Pennsylvania 19102
      Telephone: (215) 546-4700
      Facsimile: (215) 546-7440
      Email: erik@jensenbagnatolaw.com

Dated:  April 23, 2023